TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Sailemys Duckworth a.k.a. Sailemys Garcia*

IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA (PHOENIX)

| | |
|---|---|
| Sailemys Duckworth a.k.a. Sailemys Garcia, <br><br> Plaintiff, <br><br> vs. <br><br> Experian Information Solutions, Inc.; and Celtic Bank, <br><br> Defendants. | Case No.: <br><br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

1

NOW COMES THE PLAINTIFF, SAILEMYS DUCKWORTH A.K.A. SAILEMYS GARCIA, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the Town of Queen Creek, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. Plaintiff is a natural person residing in the town of Queen Creek, Maricopa County, Arizona.

6. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), a foreign corporation that conducts business in the state of Arizona; and

   b. Celtic Bank, a state-chartered bank that conducts business in the state of Arizona.

**GENERAL ALLEGATIONS**

7. Celtic Bank is inaccurately reporting its tradeline ("False Tradeline") with an erroneous payment status.

8. Celtic Bank is reporting the account as closed with a payment status of "Past Due 150 Days" on Plaintiff's Experian credit disclosure.

9. The payment status of "Past Due 150 Days" is false, as Plaintiff has paid the account represented by the False Tradeline.

10. The False Tradeline is false and would tend to mislead any user of Plaintiff's credit report as the account reflected by the False Tradeline was paid.

11. The False Tradeline should be reported as "Paid." This accurate type of reporting would give the user of the report a far different and better impression of Plaintiff, her character, and her desire to handle her financial obligations responsively.

12. On May 23, 2021, Plaintiff obtained her Experian Union credit report and noticed the False Tradeline.

13. On or about May 28, 2021, Plaintiff, through Credit Repair Lawyers of America, submitted a letter to Experian, disputing the False Tradeline.

14. In her dispute letter, Plaintiff explained that the False Tradeline is false because Plaintiff paid the account. She attached the payment letters, confirming the same. Plaintiff asked Experian to report the False Tradeline as "Paid."

15. Experian forwarded Plaintiff's consumer dispute to Celtic Bank.

3

16. Celtic Bank received Plaintiff's consumer dispute from Experian.

17. On or about July 13, 2021, Plaintiff obtained her Experian credit disclosure, which showed that Experian and Celtic Bank failed or refused to report the False Tradeline as "Paid."

18. The False Tradeline is wrong, and it does not properly reflect the Plaintiff's account with the Celtic Bank. The False Tradeline is misleading to any user of Plaintiff's credit report who sees the tradeline or who obtains her credit score that is based on the tradeline.

19. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CELTIC BANK**

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Experian of Plaintiff's consumer dispute of its False Tradeline, Celtic negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

4

22. Celtic negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to report the payment status as "Paid."

23. The Celtic Bank False Tradeline is inaccurate and is creating a misleading impression on Plaintiff's consumer credit file with Experian to which it is reporting such tradeline.

24. As a direct and proximate cause of Celtic Bank's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Celtic Bank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

26. Plaintiff has a private right of action to assert claims against Celtic Bank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Celtic Bank for damages, costs, interest, and attorneys' fees.

### COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CELTIC BANK**

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, Celtic Bank willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

29. Celtic Bank willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

30. As a direct and proximate cause of Celtic Bank's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

31. Celtic Bank is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Celtic Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

34. Such reports contained information about Plaintiff that were false, misleading, and inaccurate.

35. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

36. After receiving Plaintiff's consumer dispute to the False Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

38. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

41. Such reports contained information about Plaintiff that were false, misleading, and inaccurate.

42. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

43. After receiving Plaintiff's consumer dispute to the False Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  August 4, 2021

    KENT LAW OFFICES

    By: ___/s/  *Trinette G. Kent*___
    Trinette G. Kent
    Attorneys for Plaintiff,
    Sailemys Duckworth a.k.a.
    Sailemys Garcia